**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRS INSURANCE GROUP, | ) | |
| INC., et al., | ) | Case No. 00-4070 (MFW) |
| | ) | (Substantively Consolidated) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SEAN C. LOGAN, Chapter 11 | ) | |
| Trustee of the PRS | ) | |
| Liquidating Trust, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 11-50467 (MFW) |
| v. | ) | |
| | ) | |
| WESTCHESTER FIRE INSURANCE | ) | |
| COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is the Order from the United States District Court for the District of Delaware directing that this Court determine whether the above adversary constitutes a core proceeding under the Bankruptcy Code. For the reasons set forth below, the Court finds the proceeding is not a core proceeding.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.  BACKGROUND

PRS Insurance Group, Inc. ("PRS"), along with certain of its subsidiaries commenced cases under chapter 11 of the Bankruptcy Code on January 19, 2001.  Sean C. Logan serves as Trustee in the cases.  Subsequent to the initial filing, the Trustee also commenced chapter 11 cases on behalf of certain off-shore affiliates of PRS, including Enterprise Group Insurance Company Ltd. ("EGIC").  On March 2, 2007, the Court entered an order confirming the Joint Debtors' Plan of Liquidation, which became effective August 24, 2007.

On March 16, 2010, the Trustee, on behalf of EGIC, filed suit in the District Court for the Northern District of Ohio against Westchester Fire Insurance Company and ACE INA Holdings, Inc. (the "Defendants") for breach of two reinsurance agreements and bad faith refusal to pay claims.  The action was transferred to the District Court for the District of Delaware on October 28, 2010.  The Trustee filed a Motion to refer the action to this Court on December 12, 2010.  The District Court granted the Trustee's request but limited the referral to the determination of whether the action constitutes a core proceeding under the Bankruptcy Code.

II.  DISCUSSION

The Trustee asserts, without any support, that the action is

a core proceeding under 28 U.S.C. § 157 (b)(2)(E) because it is an "[order] to turn over property of the estate."  The Defendants respond that the action, which seeks a declaration of the respective rights and obligations of the Defendants and EGIC under the Treaties, concerns issues that are non-core in relation to the Debtors' bankruptcy cases.

Bankruptcy court jurisdiction is divided into "core" and "non-core".  Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are core proceedings.  In re Combustion Eng'g Inc., 391 F.3d 190, 225-26 (3d Cir. 2004).  Cases "under" title 11 refers merely to the bankruptcy petition itself.  See, e.g., In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3d Cir. 1991).  Proceedings "arising under" title 11 refers to the steps within the bankruptcy case and to any sub-action within the case that may raise a disputed legal issue.  See, e.g., Michigan Empl. Sec. Comm. v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.), 930 F.2d 1132, 1141 n.14 (6th Cir. 1991).  Proceedings "arising in" a case under title 11 refers to proceedings that are not based on any right expressly created by title 11, but nevertheless would have no existence outside the bankruptcy case. See, e.g., Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.), 72 F.3d 1171, 1178 (3d Cir. 1996).

Proceedings that are merely "related to" a case under title 11, on the other hand, are non-core. See, e.g., Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 162 (3d Cir. 2004). The test for "related to" jurisdiction is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Exide Techs., 544 F.3d 196, 205-06 (3d Cir. 2008) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

The Defendants argue, and the Court agrees, that the proceeding at bar is not within the Court's jurisdiction "under" title 11 or "arising under" title 11, as the action is separate from the bankruptcy petitions and does not involve any steps in the bankruptcy cases.

The Defendants also argue that the cause of action does not fall within the Court's "arising in" jurisdiction, citing numerous courts that have held that an action by a debtor or trustee against the debtor's insurer is a non-core proceeding. See, e.g., In re United States Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997) (reasoning that "the claimed right to insurance coverage is a creation of state contract law and one that could be vindicated in an ordinary breach of contract suit if [the insured] were not a bankrupt"); Allied Prod. Corp. v. Hartford Accident & Indem. Co., 2003 U.S. Dist. LEXIS 2596, *5 (N.D. Ill. Feb. 24, 2003) (withdrawing the reference in an adversary

4

proceeding regarding the determination of insurance coverage, stating that "[t]he court fails to see how the insurance dispute at the heart of the adversary proceeding arises under or is in any way related to the Bankruptcy Code"); In re Ramex International, Inc., 91 B.R. 313, 315 (E.D. Pa. 1988) (finding that trustee's action for declaratory judgment under insurance policy issued pre-petition is non-core); G-1 Holdings, Inc. v. Hartford Accident & Indem. Co. (In re G-1 Holdings, Inc.), 278 B.R. 376, 380 (Bankr. D.N.J. 2002) (concluding that action by debtor against insurers to determine insurance coverage is non-core).

The Court agrees that the Trustee's action does not fall within the Court's "arising in" jurisdiction. The action is for breach of two reinsurance agreements and bad faith refusal to pay claims. This does not involve a dispute that could arise only in the context of a bankruptcy case. On the contrary, such suits arise under state law.

In addition, the fact that the action may impact the size of the liquidating trust does not affect the Court's determination of the core or non-core issue. In fact, the Court may not even have "related to" jurisdiction over the Trustee's action, because after confirmation of a chapter 11 plan the scope of the bankruptcy court's "related to" jurisdiction diminishes. Resorts, 372 F.3d at 164-65. Post-confirmation, the bankruptcy

5

court may only exercise jurisdiction where a claim has "a close nexus to the bankruptcy plan or proceeding" and the matter at issue "affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement." Id. at 168-69. The mere potential to increase the assets of a post-confirmation trust is insufficient to establish the required "close nexus." Id. at 169-70.

III. CONCLUSION

For the reasons set forth above, the Court concludes that the Trustee's action is not a core proceeding under the Bankruptcy Code.

An appropriate Order is attached.

BY THE COURT:

Dated: March 30, 2011

*[signature: Mary F. Walrath]*

Mary F. Walrath
United States Bankruptcy Judge